IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Graham, #249255,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>State of South Carolina and Warden of<br>Evans Correctional Institution,<br><br>　　　　　Respondents. | C/A No. 0:08-2793-MBS-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment (Docket Entry 22). The petitioner, James Graham ("Graham"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondents filed a motion for summary judgment. (Docket Entry 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 25.) Graham filed a response in opposition to respondents' motion. (Docket Entry 27.) The motion is now before the court for a Report and Recommendation.

## BACKGROUND

Graham was indicted in January 1998 in Dillon County for nine counts of second-degree arson (98-GS-17-133, 98-GS-17-165, 98-GS-17-166, 98-GS-17-168, 98-GS-17-172, 98-GS-17-173, 98-GS-17-201, 98-GS-17-209, 98-GS-17-211), ten counts of second-degree burglary (98-GS-17-134, 98-GS-17-167, 98-GS-17-169, 98-GS-17-171, 98-GS-17-191, 98-GS-17-200, 98-GS-17-208, 98-GS-17-210, 98-GS-17-214, 98-GS-17-215), one count of malicious injury to personal property (98-GS-17-170), and three counts of larceny–less than $1000 (98-GS-17-192, 98-GS-17-199, 98-GS-17-

213). (See App. at 27-28, Docket Entry 23-2 at 29-30.) Graham was represented by A.C. Michael Stephens, Esquire, and on January 20, 1999, pled guilty pursuant to twenty-two[1] of the charges in a negotiated plea agreement, with the State recommending that Graham receive no more than twenty years' imprisonment. (App. at 27-54, Docket Entry 23-2 at 29-56.) The court sentenced Graham to twenty years' imprisonment for each count of armed robbery, fifteen years' imprisonment for each count of burglary in the second degree, thirty days' imprisonment for malicious injury to personal property, and thirty days' imprisonment for each count of petty larceny, with all sentences to be served concurrently. (App. at 63, Docket Entry 23-2 at 65.) Graham did not file a direct appeal.

On June 1, 1999, Graham filed an application for post-conviction relief ("PCR"). (See Graham v. State of South Carolina, 99-CP-17-157, App. at 66-76, Docket Entry 23-2 at 68-78.) The State filed a return on March 10, 2000. On October 25, 2000, the PCR court held an evidentiary hearing at which Graham was represented by Brigna Dicks-Woolridge, Esquire. (App. at 77-114, Docket Entry 23-2 at 79 through Docket Entry 23-3 at 34.) The PCR judge denied Graham's PCR application by order dated December 7, 2001. (App. at 115-18, Docket Entry 23-3 at 35-38.) Before the order was issued, Graham filed a *pro se* notice of appeal in February 2001, which was dismissed without prejudice by the South Carolina Supreme Court in an order dated February 23, 2001 because Graham's appeal was filed before the PCR court had issued a final order. (Docket Entry 23-7.)

Graham again filed a *pro se* notice of appeal dated March 31, 2003 seeking appellate review pursuant to Austin v. State, 409 S.E.2d 395 (S.C. 1991).[2] (Docket Entry 23-11.) By order dated

---

[1]Graham stated that he was not guilty of one of the arson counts (98-GS-17-201), and it was not included in the plea agreement. (App. at 43-44, Docket Entry 23-2 at 45-46.)

[2]"Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999).

November 3, 2003, the South Carolina Supreme Court concluded that the notice of appeal was untimely and dismissed the notice of appeal without prejudice to Graham's ability to seek Austin review via a new PCR application in circuit court.³ (App. at 119-120, Docket Entry 23-3 at 39-40); see also King v. State, 417 S.E.2d 868 (S.C. 1992) (explaining the appellate procedure in an Austin matter).

On January 12, 2004, Graham filed a second PCR application. (See Graham v. State of South Carolina, 04-CP-17-008, App. at 121-127, Docket Entry 23-3 at 41-47.) The State filed a return on April 5, 2004. (App. at 128-133, Docket Entry 23-3 at 48-53.) On October 12, 2005, the PCR court held an evidentiary hearing at which Graham was represented by R. Scott Joye, Esquire. (App. at 134-141, Docket Entry 23-3 at 54-61.) The PCR judge issued an order filed November 8, 2005 that granted a belated appeal pursuant to Austin v. State, but denied the other issues in Graham's PCR application as successive. (App. at 142-145, Docket Entry 23-3 at 62-65.)

Graham filed a Notice of Appeal on November 7, 2005, and was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. (Docket Entry 23-15.) On October 3, 2006, counsel for Graham filed a Petition for Writ of Certiorari arguing in favor of a belated appeal pursuant to Austin v. State.

---

³During the pendency of this appeal, the South Carolina Supreme Court received a motion to reinstate Graham's previous appeal dismissed in February 2001. Graham's motion was based on allegations that his PCR counsel was ineffective, and alleged that he had only recently received a signed copy of the December 2001 PCR circuit court order. The Supreme Court denied Graham's motion by order dated November 12, 2003 in which it referenced its November 3, 2003 order. (Docket Entries 23-12 and 23-13.)

(Docket Entry 23-16.) In addition, Graham's counsel filed a Johnson[4] Petition for Writ of Certiorari and Petition to be Relieved as Counsel, addressing the issue raised and ruled upon in Graham's first PCR action. (Docket Entry 23-17.) In response to the Johnson petition, Graham filed a *pro se* Amendment to Petition for Writ of Certiorari. (Docket Entry 23-18.) On September 19, 2007, the South Carolina Supreme Court granted the petition for a writ of certiorari from the second PCR order, which granted belated PCR appellate review pursuant to Austin v. State, and proceeded with a review of the first PCR order, for which Graham had not previously sought review properly. (Docket Entry 23-16.) Upon Johnson review, the South Carolina Supreme Court denied Graham's petition for writ of certiorari from the first PCR order and granted the petition to be relieved as counsel. (Id.) The remittitur was issued on October 5, 2007. (Docket Entry 23-22.)

On March 4, 2008, Graham filed a third PCR application. (See Graham v. State of South Carolina, 08-CP-17-084, Docket Entry 23-23.) The State filed a return and motion to dismiss on April 7, 2008. (Docket Entry 23-24.) On April 10, 2008, the PCR court issued a conditional order of dismissal, expressing its intent to summarily dismiss Graham's application as untimely and successive, but giving Graham twenty days to file specific reasons why his case should not be dismissed. (Docket Entry 23-25.) Graham did not respond to this order, and the PCR judge issued a final order of dismissal on May 26, 2008. (Docket Entry 23-26.)

Graham filed his petition for a writ of habeas corpus in this court on August 5, 2008. (Docket Entry 1.)

---

[4] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

## DISCUSSION

A. **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

*PJG*

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B. **Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

C. **Statute of Limitations**

The respondents argue that Graham's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Graham did not file a direct appeal. Therefore, Graham's conviction became final ten days after January 20, 1999, the date of his plea and sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in

*PJG*

conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Thus, his conviction became final on February 1, 1999.[5] Accordingly, the limitations period began to run on February 2, 1999 and expired on February 1, 2000, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Graham filed his first state PCR application on June 1, 1999. At that point, 120 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of any of Graham's PCR actions that were properly filed. As Graham was granted a belated appeal pursuant to Austin from his first PCR application, and viewing the dates in the light most favorable to Graham, the entire period was tolled until no later than October 5, 2007, when the South Carolina Supreme Court issued the remittitur from its order conducting Johnson review of the circuit court's order denying Graham's first PCR application and denying certiorari review of that order. At this time, Graham had 245 days of statutory time remaining, which means that Graham had until June 6, 2008 to file his federal habeas petition.

Although Graham filed a third PCR application, this application did not toll the statute of limitations because the PCR court dismissed it as successive and time barred. Pace v. Diguglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as

---

[5]January 30, 1999 was a Saturday; therefore, Graham had until the following Monday, February 1, 1999, to file his notice of appeal. See Rule 234(a) SCACR (stating that if the last day of the time period falls on Saturday, Sunday, or a state or federal holiday, the time period runs until the end of the next day which is not a Saturday, Sunday, or a state or federal holiday).

*PJG*

untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).

Graham's federal Petition was filed on August 5, 2008. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of the filing date of the federal Petition, 305 days of non-tolled time had run from the final denial of the state PCR action. Adding the 120 days that accrued between the date his conviction became final and the filing of the PCR application results in a total of 425 days of non-tolled time. Accordingly, Graham filed his federal habeas application approximately 60 days after the expiration of the one-year limitations period under § 2244(d)(1)(A).

Graham filed a response in opposition to the respondents' motion for summary judgment (Docket Entry 27) addressing the merits of his habeas petition, but makes no argument in response to the respondents' statute of limitations defense. Having reviewed the parties' memoranda and the record in this case, and for the reasons outlined above, the court finds that Graham's habeas petition was not timely filed, and it is therefore barred by § 2244(d).

## RECOMMENDATION

Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 22) be granted, as Graham's Petition is time-barred.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 15, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).