IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Graham, #249255, | ) |
|                 Petitioner, | ) C/A No. 0:08-2793-MBS |
| v. | ) **ORDER** |
| State of South Carolina and Warden of Evans Correctional Institution, | ) |
|                 Respondents. | ) |

Petitioner James Graham is an inmate of the South Carolina Department of Corrections who currently is housed at the Evans Correctional Institution in Bennettsville, South Carolina. Petitioner, appearing pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The § 2254 petition is deemed to have been filed on August 5, 2008, pursuant to Houston v. Lack, 487 U.S. 266, 270-71 (1988).

This matter is before the court on Respondent's motion for summary judgment, which motion was filed December 29, 2008. (Entry 22) By order filed December 30, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a memorandum in opposition to Respondent's motion on January 26, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge filed a Report and Recommendation on July 15, 2009, in which she determined that Petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d). Accordingly, the Magistrate Judge recommended

that Respondent's motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation on July 30, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are set forth in detail in the Report and Recommendation. Briefly, Petitioner pleaded guilty on January 20, 1999 to eight counts of second-degree arson, ten counts of second-degree burglary, one count of malicious injury to personal property, and three counts of petty larceny–less than $1000. Petitioner was sentenced to twenty years incarceration as to each count of arson, fifteen years incarceration as to each count of second-degree burglary, thirty days incarceration for malicious injury to property, and thirty days incarceration for each count of petty larceny, all sentences to be served concurrently. (Entry 23-2, 63) Petitioner did not appeal his guilty plea or sentence.

On June 1, 1999, Petitioner filed an application for post-conviction relief (PCR), asserting that he had received ineffective assistance of trial counsel. (Entry 23-2, 68-78) A hearing was held before the Honorable John M. Milling on October 25, 2000. Judge Milling signed an Order of Dismissal on December 7, 2001. (Entry 23-3, 35-38). It appears that Petitioner filed a pro se notice

of appeal February 2001, which was dismissed because it was filed before the PCR judge had issued a final order. (See Entry 23-3, 39) On March 31, 2003, Petitioner filed a second pro se notice of appeal. The South Carolina Supreme Court denied the second notice of appeal as untimely and advised Petitioner to seek a belated appeal pursuant to <u>Austin v. State</u>, 409 S.E.2d 395 (S.C. 1991), via a new application for PCR. See <u>id.</u>

Petitioner filed a second PCR application on January 12, 2004. (Entry 23-3, 41-47) A hearing on the second PCR was held on October 12, 2005 before the Honorable Paul M. Burch. On November 8, 2005, Judge Burch issued an order granting an <u>Austin v. State</u> belated PCR appeal as to Petitioner's first PCR application. (Entry 23-3, 62-65) A notice of appeal was filed on Petitioner's behalf on November 7, 2005. (Entry 23-16) The South Carolina Division of Appellate Defense filed a petition for writ of certiorari on or about October 3, 2006. (Entry 23-17) Petitioner also filed a pro se "Amendment to Petition for Writ of Certiorari." (Entry 23-18) By order dated September 19, 2007, the South Carolina Supreme Court granted a belated appeal of Judge Milling's order dismissing Petitioner's first PCR application, and denied the petition for a writ of certiorari from Judge Milling's order. (Entry 23-21) The remittitur was issued October 5, 2007. (Entry 23-22)

Petitioner filed a third PCR application on March 4, 2008. (Entry 23-23) The third PCR application was summarily dismissed as successive by order dated May 26, 2008. (Entry 23-26)

## II. DISCUSSION

Petitioner contends that the Magistrate Judge erred in finding that the within § 2254 petition is untimely. The court disagrees.

Title 28, United States Code, section 2244(d) provides:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas

3

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As the Magistrate Judge properly noted, Petitioner's conviction became final on February 1, 1999. Therefore, Petitioner had until February 1, 2000 to seek federal habeas relief unless the period was anytime tolled for a properly-filed PCR application. In this case, 120 days passed before Petitioner filed his initial PCR application on June 1, 1999. The Magistrate Judge, construing the the facts in the light most favorable to Petitioner, did not consider the limitations period to commence running again until October 5, 2007, the date the remittitur was issued subsequent to the South Carolina Supreme Court's belated review of Judge Milling's order.

The Magistrate Judge correctly determined that Petitioner's third PCR application did not constitute a "properly-filed" PCR application because it was dismissed as successive. Accordingly, no time between October 5, 2007, the date of the remittitur, and August 5, 2008, the date of filing of the within § 2254 petition, was tolled.

As the Magistrate Judge correctly found, 305 days passed between October 5, 2007 and August 5, 2008. Added to the 120 days that expired between February 1, 1999 and June 1, 1999, a total of 425 days of non-tolled time passed between the date the limitations period commenced on February 1, 1999 to the date the within § 2254 petition was filed on August 5, 2008. The court concludes that the within § 2254 motion is untimely.

Petitioner contends that his § 2254 petition is not time-barred because PCR counsel failed to properly advise him regarding his right to appeal and seek a petition for writ of certiorari from Judge Milling's order. Petitioner provides an opinion of the South Carolina Supreme Court indicating that Petitioner's first PCR counsel was disbarred in part because of her representation of Petitioner. However, as noted hereinabove and in the Magistrate Judge's Report and Recommendation, the time expended by Petitioner in obtaining an Austin appeal and review of his first PCR application has not been counted against him in calculating the applicable limitations period.

Petitioner also asserts that the limitations period was not calculated properly because he did not receive notice of the South Carolina Supreme Court's September 19, 2007 order until September 28, 2007. However, as noted hereinabove, the limitations period did not commence again until October 5, 2007, upon issuance of the remittitur. Petitioner's objections are without merit.

III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. Respondent's motion for summary judgment (Entry 22) is **granted** and the § 2254 petition is

dismissed, with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

August 21, 2009

Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**